UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KAI HUNTE,

                               Plaintiff,                  Caso No. 1:25-cv-7224

   -against-

BY THE GLASS 2 LLC d/b/a UVA NEXT DOOR
and G&G 1484 LLC,                                **COMPLAINT AND DEMAND**
                                                                                 **FOR JURY TRIAL**

                               Defendants
-------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants By the Glass 2 LLC d/b/a Uva Next Door and G&G 1484 LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

    1.      This case challenges defendants' ongoing and unlawful discrimination against people with disabilities. Plaintiff seeks declaratory and injunctive relief, as well as damages, costs, and attorney's fees, to remedy defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., along with the New York State Executive Law, the New York State Civil Rights Law, and the New York City Human Rights Law. Defendants own, lease, operate, and control a restaurant that is not accessible as required by law. They are responsible, directly and vicariously, for the discriminatory conditions described herein.

    2.      Defendants chose to ignore the accessibility standards required by law, gambling that they could operate their business without consequence. That choice effectively excluded disabled patrons and treated them as less worthy than non-disabled customers. Plaintiff brings this action to hold defendants accountable and to ensure that their

1

establishment is brought into full compliance, so that he and others with disabilities can enjoy equal access to the goods and services defendants provide.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because the action raises federal questions concerning violations of the ADA. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a) for plaintiff's related state and city law claims.

4. Venue is proper under 28 U.S.C. § 1391(b) since the discriminatory acts occurred within this District and the facility at issue is located here.

## PARTIES

5. Plaintiff is and has been a resident of Queens County, New York. In 2010 he sustained a T4 spinal cord injury in a motorcycle accident, leaving him completely paralyzed below the mid-back. He has no use of his legs and relies on a manual wheelchair for mobility. He drives independently using a vehicle equipped with hand controls.

6. At all times relevant, defendants operated and/or leased the premises located at 1484 Second Avenue, New York, New York 10075. This property functions as a place of public accommodation. Each defendant is authorized to conduct business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. The Defendants qualify as public accommodations within the meaning of the ADA, the New York State Executive Law, and the New York City Administrative Code because they own, lease, operate, or control a facility open to the public. The premises at 1484

Second Avenue is a public accommodation under these same laws, as it is privately operated and its business activities affect commerce.

8. The restaurant contains multiple architectural barriers that restrict or completely deny access to individuals with disabilities, including plaintiff. Upon information and belief, the building was designed and constructed for first occupancy after January 26, 1993, and has been altered since 1992, including work to areas attached to or adjacent to the restaurant.

9. Plaintiff is a resident of New York City who frequently travels throughout the city and often spends time in the neighborhood where the premises is located. Although he is paralyzed from the waist down, he remains independent and mobile by using a manual wheelchair and driving a vehicle with hand controls. He regularly participates in family activities, social outings, shopping, and dining, just as anyone else would.

10. On or about July 1, 2025, plaintiff attempted to enter defendants' restaurant, drawn by its reputation for authentic Italian food with a southern influence, and specifically wishing to try the Gnocchi di Ricotta. His effort to enter was stopped by a substantial step at the main entrance, with no way to alert staff for help. This incident caused plaintiff to feel humiliated and excluded. Plaintiff is aware that these barriers remain in place and intends to return to the premises once access is provided.

11. The restaurant is located less than an hour from plaintiff's home. Its services and amenities are not accessible as required by the 1991 Standards for Accessible Design, the 2010 Standards, and related provisions of federal and local law. Defendants' failure to comply has denied plaintiff equal, safe, and complete use of the premises.

12. The property has not been designed, built, or modified to meet ADA standards,

the New York City Administrative Code, the Building Code of the City of New York, or the 2014 New York City Construction Code.

13. Plaintiff encountered barriers to access including a main entrance blocked by steps without a ramp, an accessible route, or a compliant means of egress. Inside, dining tables did not provide the required knee and toe clearance or the minimum number of accessible seating spaces. The bar exceeded the permitted height and lacked accessible seating. In the restroom, the mirror was mounted above the maximum allowable height, proper signage identifying the facilities was missing, and the hand dryer was mounted too high to be used from a wheelchair.

14. These are not the only barriers at the premises. A full inspection would reveal additional violations. Plaintiff places defendants on notice that he intends to amend this complaint to add any violations discovered upon such inspection.

15. By failing to provide accessible facilities, defendants have denied plaintiff the opportunity to participate in and benefit from their goods and services. They have not adopted compliant policies or procedures and have failed to make reasonable accommodations or modifications.

16. Plaintiff faces an ongoing risk of discrimination because the barriers remain in place. He travels to this neighborhood frequently and intends to dine at the restaurant on multiple occasions once it becomes accessible.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

17. Plaintiff repeats and incorporates all prior allegations as if fully set forth here.

18. Plaintiff is substantially limited in the major life activities of walking and

4

movement and therefore qualifies as an individual with a disability under the ADA. As a direct result of his condition, he uses a wheelchair for mobility and has limited range of motion.

19. The ADA places joint and several liability on both the property owner and the lessee of a public accommodation. Under 28 C.F.R. § 36.201(b), neither party may escape responsibility by shifting obligations to the other through a lease or other contract.

20. Defendants have subjected plaintiff to disparate treatment by denying him full and equal use of their public accommodation solely because of his disability. Their policies and practices have had a disparate impact on him as well.

21. By failing to comply with the ADA, defendants have sent a message to plaintiff and to others with disabilities that they are not welcome or valued as patrons. Defendants discriminated against plaintiff by designing, constructing, and operating a facility that is not readily accessible or usable by persons with disabilities and that does not comply with the 1991 Standards or the 2010 Standards, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1).

22. The premises fails to provide an integrated and equal environment for disabled patrons, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203. After making alterations to the restaurant, defendants failed to bring the altered areas into compliance with accessibility requirements to the maximum extent feasible, contrary to 28 C.F.R. §§ 36.402 and 36.406. They further failed to make the routes of travel to the altered primary function areas accessible, in violation of 28 C.F.R. § 36.403.

23. Under 28 C.F.R. § 36.406, defendants were obligated to ensure that facilities and elements of their noncompliant public accommodation met the requirements of the 2010 Standards. They did not. Defendants also failed to remove barriers to access where removal was readily achievable, in violation of 42 U.S.C. §§ 12182(a) and 12182(b)(2)(A)(iv) and 28

C.F.R. § 36.304. Making the premises accessible would have been readily achievable.

24. In the alternative, defendants violated the ADA by failing to provide reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

25. Defendants' refusal to address these barriers constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq. By maintaining and operating an inaccessible facility, defendants have engaged, and continue to engage, in unlawful discrimination against plaintiff.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

26. Plaintiff repeats and incorporates all prior allegations as though fully set forth herein.

27. Plaintiff suffers from medical conditions that prevent the normal exercise of major life functions, including walking and movement. As such, he has a disability within the meaning of New York State Executive Law § 296(21).

28. Defendants have subjected plaintiff to disparate treatment by denying him equal opportunity to use and enjoy their place of public accommodation because of his disability.

29. By maintaining and operating an inaccessible restaurant, defendants have violated New York State Executive Law § 296(2). Each defendant has also aided and abetted the other in committing unlawful disability discrimination.

30. Defendants have failed to make accommodations and modifications that would have been readily achievable in order to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii). In the alternative, they failed to provide plaintiff with reasonable alternatives to barrier removal as required by Executive Law § 296(2)(c)(iv).

31. Making the premises accessible would not have imposed an undue burden or undue hardship on defendants. To the contrary, compliance would have been readily achievable.

32. As a direct and proximate result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, anxiety, and stress.

33. Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

34. Plaintiff repeats and incorporates all prior allegations as though fully set forth herein.

35. Plaintiff's medical condition substantially limits his ability to walk and move, and therefore he is an individual with a disability within the meaning of Administrative Code § 8-102(16).

36. The Local Civil Rights Restoration Act of 2005, also known as Local Law 85, made clear that the Administrative Code must be interpreted broadly and independently from federal and state anti-discrimination laws. It requires the provisions of the City Human Rights Law to be construed liberally to achieve their broad remedial purpose, regardless of whether similar provisions in federal or state law have been narrowly interpreted.

37. Defendants have subjected plaintiff to disparate treatment and disparate impact by refusing and failing to provide the accommodations, benefits, and privileges of their restaurant to him on the basis of disability, in violation of Administrative Code § 8-107(4). Each defendant has aided and abetted the other in committing these violations.

38. Defendants have discriminated against plaintiff by designing, creating, and maintaining an inaccessible commercial facility. Their conduct violates both Administrative Code § 8-107(4) and Local Law 58. They have directly and indirectly denied plaintiff equal access to the restaurant's facilities, benefits, and services.

39. As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer humiliation, stress, and embarrassment. Upon information and belief, defendants' long-standing refusal to make their restaurant accessible was deliberate, calculated, and undertaken with reckless disregard for plaintiff's rights under the Administrative Code.

40. By failing to comply with accessibility requirements that have been in effect for decades, defendants have conveyed to plaintiff and to others with disabilities that they are unwelcome and unwanted as patrons. Their conduct was willful, wanton, and reckless, and entitles plaintiff to punitive damages under Administrative Code § 8-502.

41. By operating their restaurant in a noncompliant state, defendants have also profited from their discrimination by collecting revenue from an inaccessible space and avoiding the costs of compliance. These unlawful profits, plus interest, must be disgorged.

42. Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

43. Plaintiff repeats and incorporates all prior allegations as though fully set forth herein.

44. Defendants discriminated against plaintiff within the meaning of the New York State Executive Law by maintaining and operating an inaccessible place of public

accommodation.

45. As a result, plaintiff is entitled to recover the statutory penalties provided under New York Civil Rights Law §§ 40-c and 40-d for each violation committed by defendants.

## INJUNCTIVE RELIEF

46. Plaintiff will continue to experience unlawful discrimination if defendants are not compelled to comply with the law. Injunctive relief is necessary to require defendants to modify and alter their facility, operations, policies, and practices so that they are fully compliant. Defendants must make their premises readily accessible and usable by plaintiff in accordance with federal, state, and city law. Injunctive relief is also necessary to require defendants to provide auxiliary aids and services, modify their policies, and adopt alternative methods as required by the ADA, the Executive Law, and the Administrative Code.

## DECLARATORY RELIEF

47. Plaintiff is entitled to a declaration of his rights and of defendants' obligations. A declaratory judgment is appropriate to establish that defendants have committed accessibility violations, to confirm what alterations and modifications are required to their premises, and to determine the changes needed to their policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

48. Plaintiff has retained counsel to enforce his rights and is entitled to recover reasonable attorney's fees, litigation costs, and expenses under the ADA and the Administrative Code, including 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: August 29, 2025

    Manhasset, New York

                                      Respectfully submitted,

                                      **GABRIEL A. LEVY, P.C.**
                                      Attorney for Plaintiff
                                      1129 Northern Blvd, Suite 404
                                      Manhasset, NY 11030
                                      (347) 941-4715

                                      **By:** /s/ Gabriel A. Levy, Esq.
                                      **GABRIEL A. LEVY, ESQ (5488655)**
                                      Glevy@glpcfirm.com